The appellant, Roger Lanier, appeals from the circuit court's revocation of his probation. The record reveals that on August 3, 2001, Lanier pleaded guilty to one count of first-degree criminal mischief, a violation of § 13A-7-21, Ala. Code 1975, and one count of illegal possession of a credit card, a violation of § 13A-9-14, Ala. Code 1975. Lanier was sentenced as a habitual offender to concurrent terms of 15 years' imprisonment; those sentences were split, and he was sentenced to time served, with the balance suspended, and he was placed on supervised probation for five years. Lanier was also ordered to pay a total of $1174.37 in restitution to the victim and her insurance company. Finally, Lanier was ordered to pay $50 to the Crime Victims Compensation Fund.
On August 31, 2001, Lanier was arrested on charges of third-degree assault, third-degree theft, and second-degree possession of marijuana. Lanier's probation officer filed a delinquency report on September 4, 2001. In that report the officer alleged that Lanier had been charged with three new criminal charges, and he recommended that Lanier's probation be revoked. On December 4, 2001, the State filed a motion seeking to revoke Lanier's probation.
A probation-revocation hearing was held on January 10, 2002. At the hearing, appointed counsel asked to be allowed to withdraw as Lanier's counsel, stating that the differences between them prevented him from effectively representing Lanier. Counsel also requested that Lanier's revocation hearing be continued. The circuit court granted counsel's request to withdraw, but stated that it intended to proceed with Lanier's revocation hearing. Expressing some confusion about the proceedings, Lanier asked the court, "Can I ask you and you just tell me what my legal *Page 995 
rights are?" (R. 25.) In response to Lanier's request, the Court advised:
 "You're here for a probation revocation proceeding. A probation report has been filed. You have gotten a copy of the allegations against you.
". . . .
 "And that is what we are here for. And the State has to prove that. We will proceed with the evidence as to these allegations. The allegations add two new offenses of assault third degree and possession of marijuana in the second degree.[1] And if those cases have been disposed of, they will have certified copies of convictions. If they are still pending, then they will probably have testimony as to what the underlying facts are that support the allegations or that you committed those two offenses.
"That is all I know.
 "You have a right to cross-examine their witnesses that they put on, and you have a right to present your own evidence in your defense. You have the right to remain silent.
 "If those criminal cases are pending, you certainly have the right to remain silent and you cannot be forced to testify against yourself.
 "And if you lose, you have the right to appeal. And if you win, you either remain on probation or there could be some modification in your probationary conditions."
(R. 25-27.)
Following this exchange, the trial court began the evidentiary hearing, and Lanier proceeded pro se. At the conclusion of the hearing, the circuit court revoked Lanier's probation and entered a written revocation order setting out the reasons for revoking his probation and the evidence it relied upon, in accordance with Armstrong v. State,294 Ala. 100, 312 So.2d 620 (1975). The order stated, in pertinent part:
 "Defendant and defendant's counsel appear in open court for probation revocation hearing. State's prosecutor is present. Defendant's attorney, Michael Congiardo, makes an oral motion to withdraw from this case. GRANTED. Defendant proceeds pro se. Testimony is taken. The Court is reasonably satisfied from the evidence presented that a violation of the conditions of defendant's probation has occurred in that there is probable cause to believe defendant was in possession of marijuana for personal use while on probation. Upon defendant's arrest on two outstanding warrants, a custodial inventory search was made and marijuana was found on defendant's person. Defendant will not appreciate the seriousness of this violation unless his probation is revoked. Accordingly, defendant's probation is REVOKED. Sentence imposed. Defendant is entitled to credit for time served on this offense."
(C. 19.)
On January 14, 2002, Lanier filed a motion to reopen his probation-revocation hearing. As grounds for his motion, Lanier alleged that his rights had been violated because, he said, his request for counsel was denied and he was forced to represent himself at the revocation hearing. The circuit court denied Lanier's motion on January 15, 2002. This appeal followed.
Lanier argues that his Sixth Amendment right to counsel was violated because, he says, he was entitled to appointed counsel at his probation-revocation *Page 996 
hearing, and he did not waive his right to counsel. The State concedes that the record does not establish that Lanier was advised of his right to be represented by counsel at his revocation hearing, or that he affirmatively waived his right to counsel. Citing Law v. State,778 So.2d 249 (Ala.Crim.App. 2000), the State asks us to remand this case for the circuit court to make a determination whether Lanier would have been entitled to counsel.
Although the general rules of preservation apply to probation-revocation hearings, see, e.g., Owens v. State, 728 So.2d 673,680 (Ala.Crim.App. 1998), we have recognized that a defendant can allege for the first time on appeal a claim that the circuit court erred in failing to advise him of his right to request an attorney to represent him during probation-revocation proceedings. Law v. State, 778 So.2d at 250.
Rule 27.6(b), Ala.R.Crim.P., addresses the circumstances under which a probationer is entitled to be represented by counsel. That rule provides, in pertinent part:
 "Counsel will be appointed to represent an indigent probationer upon request:
 "(1) If the probationer makes a colorable claim that the probationer has not committed the alleged violation of the conditions or regulations of probation or the instructions issued by the probation officer; or
 "(2) Even when the violation is a matter of public record or is uncontested, if there are substantial reasons that justify or mitigate the violation and that may make revocation inappropriate, and the reasons are complex or otherwise difficult to develop or present."
Although the record before us establishes that Lanier was apprised of a number of his rights, there is no indication that he was apprised of his right to be represented by counsel or that the court made an initial determination whether Lanier was entitled to counsel, based on the guidelines provided in Rule 27.6(b). Moreover, Lanier did not admit that he had committed any new offenses. Therefore, just as in Law, we cannot say that the court's omission was harmless, given that Lanier argued that he was innocent of the new charges. See Law v. State, 778 So.2d at 252.
Lanier's claim may be colorable, or substantial reasons may exist that require the assistance of counsel. However, because the record does not indicate that the trial court made an initial determination as to whether Lanier would have been entitled to counsel, we remand this case for the circuit court to make such a determination. If the court determines that counsel was not necessary in these proceedings, it should set forth its findings in a written order. However, if the circuit court should determine that Lanier raised a colorable claim or that substantial reasons exist to appoint counsel, in accordance with Rule 27.6(b), we order the trial court to conduct a new probation-revocation proceeding, first informing Lanier of his right to request counsel and in accordance with the requirements set forth in Gagnon v. Scarpelli, 411 U.S. 778
(1973), and Armstrong v. State, supra.
The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to this remand order at the earliest possible time and no later than 56 days from the date of this opinion.
REMANDED WITH DIRECTIONS.* *Page 997 
McMillan, P.J., and Cobb and Shaw, JJ., concur. Baschab, J., concurs in the result.
[1] As previously stated, the delinquency report contained charges of three, not two, new offenses.
* Note from the reporter of decisions: On November 15, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion.