Danny Franklin was convicted of selling marijuana and was granted probation for a period of five years on October 15, 1986. He was arrested on March 17, 1988, for violation of the conditions of probation, to-wit: for possession of marijuana. The circuit court of Houston County conducted a hearing, at which the court concluded Franklin's probation was due to be revoked.
The appellant argues that the trial court erred by failing to advise him of his right to request an attorney during the probation revocation proceeding. The United States Supreme Court spoke to the issue of whether a probationer must be afforded an attorney during probation revocation proceedings inGagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756,36 L.Ed.2d 656 (1973). In Gagnon, the Court held the following:
 "It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements. . . . Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request . . . In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succintly in the record."
411 U.S. at 790-91, 93 S.Ct. at 1764. (Emphasis supplied.)
The record is devoid of any statement of the grounds the trial court may have had for refusing counsel for the appellant. The record is devoid of any evidence that the appellant requested an attorney. However, there is also no evidence to indicate that the appellant was advised by the court at any time during the revocation proceeding that he had a right to request an attorney.
Therefore, pursuant to the guidelines set forth inGagnon, supra, and applied by the Alabama Supreme Court inArmstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), the judgment is reversed and this cause is hereby remanded to the circuit court of Houston County with instructions to adhere to the guidelines previously set forth herein.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All Judges concur.
 ON RETURN TO REMAND