S95A1149. VAUGHN v. RUTLEDGE.
(462 SE2d 132)

CARLEY, Justice.

After he was indicted for several offenses, Rutledge pled guilty and received partially probated sentences. When Rutledge was charged with a subsequent offense, a proceeding to revoke his probation was initiated. Rutledge neither employed counsel nor requested the appointment of counsel, and his probation was revoked after a hearing wherein he represented himself. Rutledge thereafter filed a petition for habeas corpus relief against Warden Vaughn. The habeas court granted the petition, finding that the trial court's failure to in-

---

form Rutledge "of his right to appointed counsel at the probation revocation hearing was a violation of his [S]ixth [A]mendment rights." It is from this order of the habeas court that the Warden appeals.

1. By its terms, the Sixth Amendment right to counsel applies "[i]n all criminal prosecutions. . . ." It is clear, however, that a probation revocation proceeding is not a stage of a criminal prosecution. *Gagnon v. Scarpelli*, 411 U. S. 778, 782 (II) (93 SC 1756, 36 LE2d 656) (1973). Accordingly, a probationer has no Sixth Amendment right to counsel at a revocation proceeding. A probationer has only a "more limited due process right" to counsel under the Fourteenth Amendment. *Gagnon v. Scarpelli*, supra at 789 (III). It follows that the habeas court erred in predicating the grant of Rutledge's petition upon a finding that his Sixth Amendment right to counsel had been violated.

2. Under the due process clause of the Fourteenth Amendment, the probationer in a revocation proceeding has no "inflexible constitutional" right to have counsel appointed. *Gagnon v. Scarpelli*, supra at 790 (III). Under that constitutional provision, the appointment of counsel to represent a probationer must be determined "on a case-by-case basis" and "the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings. . . ." *Gagnon v. Scarpelli*, supra at 790 (III). It is only in a revocation proceeding "in which fundamental fairness — the touchstone of due process —" mandates the appointment of counsel that the State will be required to provide the probationer with legal representation. *Gagnon v. Scarpelli*, supra at 790 (III). See also *Harris v. State*, 251 Ga. 517 (307 SE2d 504) (1983); *Kemp v. Spradlin*, 250 Ga. 829 (301 SE2d 874) (1983).

Since a probationer has no "inflexible constitutional" right to appointed counsel under the due process clause of the Fourteenth Amendment, there is no absolute requirement that he be informed of that right. A probationer is entitled only to be "informed of his right *to request* counsel. . . ." (Emphasis supplied.) *Gagnon v. Scarpelli*, supra at 790 (III). Having been informed of the right to request counsel, a probationer will not then be entitled to have counsel appointed unless "the providing of counsel is necessary to meet the applicable due process requirements." *Gagnon v. Scarpelli*, supra at 790 (III). It follows that the habeas court erred in predicating the grant of Rutledge's petition upon a finding that the trial court's failure to inform him of a right to appointed counsel was a constitutional violation.

3. The trial court's failure to inform Rutledge of the right to request counsel does not necessarily mandate the grant of his petition for habeas corpus relief. A probationer's right to have counsel appointed does not result from his mere request for counsel, but from the State's constitutional obligation to honor his request. Unless Rut-

ledge's revocation proceeding was one wherein the actual appointment of counsel was necessary to satisfy applicable due process requirements of fundamental fairness, then he would not have been entitled to have his request for counsel honored and the mere failure to have informed him of the right to make such a request could not have harmed him. See *Foskey v. Sapp*, 237 Ga. 788, 792-793 (229 SE2d 635) (1976) (Hill, J., concurring specially). Accordingly, although Rutledge may not have been informed of his right *to request* counsel, his ultimate entitlement to habeas corpus relief is dependent upon a determination that the circumstances of his probation revocation proceeding were such that due process requirements of fundamental fairness mandate the actual appointment of counsel had he requested legal representation.

In determining whether counsel should be appointed to represent a probationer, there is no "precise and detailed set of guidelines to be followed. . . ." *Gagnon v. Scarpelli*, supra at 790 (III).

> Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer . . . makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself.

*Gagnon v. Scarpelli*, supra at 790-791 (III).

In considering Rutledge's petition, the habeas court erred in failing to determine whether Rutledge's probation revocation proceeding met these general guidelines so as to mandate the appointment of counsel had Rutledge requested legal representation. Accordingly, the order granting the petition must be reversed and the case remanded for the habeas court to make this determination. See *Gagnon v. Scarpelli*, supra at 791 (IV). If the habeas court determines that the probation revocation proceeding met the general guidelines, then Rutledge's petition should be granted on the ground that he was denied his constitutional due process right to counsel. If the habeas court determines that the probation revocation proceeding did not meet these general guidelines, then Rutledge's petition should not be

granted on that ground. Upon entry of the habeas court's new order, Rutledge and the Warden will be entitled to pursue their respective rights to obtain appellate review.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED SEPTEMBER 25, 1995 —
RECONSIDERATION DENIED OCTOBER 20, 1995.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Michael D. Groves, Assistant Attorney General,* for appellant.

John W. Rutledge, *pro se.*