## A98A0858. KITCHENS v. THE STATE.
(508 SE2d 176)

RUFFIN, Judge.

James Aubrey Kitchens pled guilty to the offense of rape on September 25, 1986 and was sentenced to twenty years, with ten to serve and the remainder on probation. On May 30, 1997, his probation officer filed a petition to revoke his probation because of, among other things, an alleged battery committed by Kitchens on or about April 18, 1997. The trial court revoked the remainder of Kitchens' probation, finding that the alleged battery actually constituted attempted rape. We granted Kitchens' application for discretionary review. Kitchens asserts that (1) he was deprived of his due process right to counsel at the probation revocation hearing and (2) the trial court erroneously revoked nine years of his probation based on the felony offense of attempted rape, which was not alleged in the petition. We reverse and remand.

1. Kitchens first contends that the trial court deprived him of his due process right to counsel at his probation revocation hearing.

At the outset, we note that a probationer has no Sixth Amendment right to counsel at a revocation proceeding because it "is not a stage of a criminal prosecution." *Vaughn v. Rutledge,* 265 Ga. 773, 774 (1) (462 SE2d 132) (1995). "A probationer has only a more limited due process right to counsel under the Fourteenth Amendment," and whether he is entitled to counsel must be determined on a case-by-case basis. (Punctuation omitted.) Id.

"Since a probationer has no inflexible right to appointed counsel under the due process clause of the Fourteenth Amendment, there is no absolute requirement that he be informed of that right. A probationer is entitled only to be informed of his right *to request* counsel." (Punctuation omitted.) Id. at 774 (2). "The procedure to be applied in determining whether an indigent probationer is entitled to appointed counsel at a revocation hearing is set forth in *Gagnon v. Scarpelli,* 411 U. S. 778, 790-791 (93 SC 1756, 36 LE2d 656) (1973) as follows: 'Presumptively, it may be said that counsel should be provided in cases where, *after being informed of his right to request counsel,* the probationer . . . makes such a request based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. *In every case in which a*

*request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record.'* (Emphasis supplied.)" *Elkins v. State*, 147 Ga. App. 837-838 (250 SE2d 535) (1978).

At the August 21, 1997 hearing, the prosecutor asked Kitchens whether he was represented by counsel, to which Kitchens responded, "Donna [Avans] was here," referring to the public defender representing him on the underlying criminal charge of simple battery. The trial judge advised Kitchens that "[i]n a probation revocation you're entitled to have a lawyer represent you, but you're not entitled to a lawyer at public expense. If you want a lawyer, you'll have to hire a lawyer. For that reason the public defender, Ms. Avans, doesn't represent you on this probation revocation. . . . [T]he case has been continued a couple of times. . . . Is there any reason you don't have a lawyer today?" Kitchens responded "I can't afford one, sir. A probation warrant, I've been locked up for four months now." The trial judge asked Kitchens whether he wanted time to hire a lawyer, and Kitchens answered "I need to get a lawyer, I guess. Is there any way I can get out on bond where I can get a job and get me a lawyer?" The trial judge said "no" and asked Kitchens whether he had made any efforts to retain a lawyer since June 9, 1997, the date on which the hearing was originally scheduled. Kitchens responded "I talked to Ms. Donna." The judge stated that he was "certain Ms. Avans would have told you that she doesn't represent you for this offense" and found that Kitchens had not exercised due diligence in seeking to obtain an attorney at his own expense. In response to a question from the judge, Kitchens said that he did not admit committing the battery.

Later in the proceedings, the trial court gave Kitchens the opportunity to ask his accuser questions, but strongly advised that "many times pro se defendants don't know how to ask questions . . . [a]nd you need to understand . . . that everything that you say today is being recorded by the court reporter, and the State may use your questions of this witness against you at your future trial." Thereafter, Kitchens declined to cross-examine any of the State's witnesses or to offer any evidence on his own behalf.

The State's claim that Kitchens was informed of his right to request counsel is disingenuous. The trial judge did not advise Kitchens of his right to request counsel; rather, the judge's statement that "[i]n a probation revocation you're entitled to have a lawyer to represent you, but you're not entitled to a lawyer at public expense" reveals that he was operating under the erroneous assumption that an accused is *never* entitled to State-appointed counsel in a revocation proceeding. See *Elkins*, supra; *Harris v. State*, 251 Ga. 517, 518 (307 SE2d 504) (1983); *Kemp v. Spradlin*, 250 Ga. 829, 830 (301 SE2d

874) (1983). The transcript of the hearing reveals that the court gave no consideration whatsoever as to whether Kitchens should be given such assistance.

The State correctly points out that a trial court's failure to inform an accused of his right to request counsel is not necessarily fatal to its case. "Unless [Kitchens'] revocation proceeding was one wherein the actual appointment of counsel was necessary to satisfy applicable due process requirements of fundamental fairness, then he would not have been entitled to have his request for counsel honored and the mere failure to have informed him of the right to make such a request could not have harmed him." *Vaughn*, supra at 774-775 (3). However, the trial court must make the initial determination as to whether a probationer is entitled to counsel based upon the guidelines set forth in *Gagnon*. Id. at 774-775 (3). Because the trial court in that case failed to do so, we must remand this case to the trial court for such a determination. See *Vaughn*, supra; *Elkins*, supra; *Harris*, supra.

2. Kitchens next maintains that, because the revocation petition alleged only that he had committed the misdemeanor offense of battery, which would result in a maximum revocation of two years pursuant to OCGA § 42-8-34.1 (b), the trial court improperly revoked nine years of his probation on the ground that he committed attempted rape, a serious felony which was not alleged in the petition.

The revocation petition was filed on May 30, 1997, alleging that Kitchens "committed the subsequent offense of Battery on or about 4-18-97 in Jackson County, Ga." A hearing was set for June 9, 1997; however, the trial judge continued it because of the absence of one of the State's witnesses. On August 21, 1997, almost three months after Kitchens was served with the petition, a probation revocation hearing was held. At that hearing, the State argued for the first time that the alleged battery actually constituted an attempted rape. The trial court found that Kitchens violated the terms and conditions of his probation by committing the offense of battery *and* attempted rape and revoked the remainder of his probation.

"Due process requires that a defendant be given written notice of the claimed violation of his probation prior to the revocation hearing." *Collins v. State*, 151 Ga. App. 116, 117 (2) (258 SE2d 769) (1979) (citing *Gagnon*, supra). In addition, "[i]n order to revoke the probationary features of a sentence the defendant must have notice and opportunity to be heard, the notice being sufficient to inform him not only of the time and place of the hearing and the fact that revocation is sought, but the grounds upon which it is based. It may not be revoked where there is no evidence that the defendant violated its terms in the manner charged in the notice, even though there be evi-

dence at the hearing that the defendant violated the terms of probation in some other manner as to which there was no notice given." *Horton v. State*, 122 Ga. App. 106 (1) (176 SE2d 287) (1970). See also *Lester v. Foster*, 207 Ga. 596, 598 (63 SE2d 402) (1951). Likewise, if a judgment is based upon an offense not charged in the petition for revocation, it must be reversed. *Moore v. State*, 165 Ga. App. 59 (299 SE2d 138) (1983).

Kitchens concedes that the trial court was authorized to find that he committed battery as alleged in the petition, and that the court was therefore authorized to revoke two years of his probation pursuant to OCGA § 42-8-34.1 (b). However, he contends that the trial court exceeded its statutory authority when it revoked nine years of his probation upon a finding that he committed attempted rape, a crime which was not alleged in the probation revocation petition or even brought to his attention until the August 21, 1997 hearing. Kitchens maintains that the State has to give a probationer notice of the specific allegations against him prior to a hearing, especially when the petition alleges he has violated his probation by commission of a misdemeanor and at the hearing the State elevates the offense to a serious felony.

The State's argument that Kitchens' probation was properly revoked because the factual events surrounding the attempted rape were part of "the same transaction" as the battery is without merit. The State erroneously relies on *Oliver v. State*, 169 Ga. App. 716 (314 SE2d 722) (1984) in support of its claim. In *Oliver*, the probationer was arrested for possession of marijuana with intent to distribute. On appeal Oliver asserted "that the petition for revocation was inadequate because it cited his arrest as the ground for revocation, rather than alleging the substantive facts constituting the offense itself." Id. at 717 (3). We held that "[t]he inadequacy of a petition is not necessarily a basis for setting aside a revocation where the factual grounds are established at the hearing." Id. See also *Wilson v. State*, 152 Ga. App. 695, 697 (2) (263 SE2d 691) (1979). *Oliver* is clearly distinguishable from the present case. There, the probationer had notice that his probation was in jeopardy due to his arrest for *possession of marijuana with intent to distribute*; the State did not seek to revoke his probation on the basis of any other crime which could have been found from the facts presented at the hearing. Such was the case here, where the petition alleged that Kitchens committed the offense of battery, and only at his revocation hearing, some three months following service of the petition, was he advised that the State was seeking to revoke his petition on the basis of attempted rape.

Although the State argues that "the factual events surrounding the attempted rape *were developed at the hearing*," the prosecutor in fact stated at the start of the hearing that, "[u]pon talking to the vic-

tim, we believe this case may be escalated to a [sic] attempted rape." (Emphasis supplied.) Thus, the State was clearly aware of the existence of a possible attempted rape charge before the hearing. The State, which itself requested the continuance from the June 9, 1997 hearing and had access to the witnesses, could have amended the petition which alleged only a misdemeanor offense of battery prior to the August 21, 1997 hearing rather than surprising Kitchens at the hearing with an accusation of a serious felony. See, e.g., *Dudley v. State*, 161 Ga. App. 310, 311 (3) (287 SE2d 763) (1982) ("the petition, as amended, clearly informed [defendant] what constituted the violation of probation"). Thus, we hold that the State's petition, which alleged only the misdemeanor offense of battery, did not constitute sufficient notice to Kitchens so as to permit the trial court to revoke his probation on the ground of attempted rape, an offense which carried a much greater punishment.

*Judgment reversed and remanded. Pope, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 19, 1998.

*Donna L. Avans*, for appellant.
James A. Kitchens, *pro se*.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.