The appellant, Jeffery L. Spence, was found guilty of 17 counts of negotiating a worthless instrument. The trial court sentenced him to six months' imprisonment on each conviction; the sentences were to run consecutively. On December 30, 1996, the court placed Spence on supervised probation for two years, conditioned upon his appearing in court for review on March 4, 1997, and his paying no less than $150 per month toward court costs and restitution. On March 18, 1997, after Spence failed to appear as ordered, the trial court tolled the running of his probation and issued a writ of arrest. On May 12, 1997, Spence's probation officer filed a delinquency report, charging both failure to appear in court and failure to report to the probation office. The delinquency report also reflected that no restitution had been paid and that Spence owed $60 in supervision fees. On June 9, 1997, after confirming that Spence was employed in Georgia, the trial court again placed him on probation, conditioned upon his keeping his job and reporting to his probation officer. The court also issued an income withholding order, instructing Spence's employer to withhold 25 percent of his net pay until he paid the court-ordered costs and restitution. On December 30, 1998, the probation officer filed a second delinquency report, charging that Spence had been arrested for committing new offenses — burglary and attempted rape. On May 25, 1999, after a hearing, the trial court revoked Spence's probation.
 I.
The appellant contends that the trial court erred in failing to specify in its written order the evidence upon which it relied in revoking his probation. The order states, in pertinent part:
 "[T]he court heard testimony, ore tenus. Based on the testimony and evidence presented, the Court finds that the Defendant has intentionally and willfully violated the terms and conditions of probation in that he has failed to report and failed to pay probation supervision fees."
Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), requires that, before a court can revoke a probationer's probation, the court must set out in a written statement the evidence it relied upon and its reasons for revoking the probation. Here, the reasons for revoking the appellant's probation are specifically stated, but the evidence upon which the court relied is not. The order, therefore, does not satisfy the requirements of Armstrong v. State, supra, and Rule 27.6(f), Ala.R.Crim.P.
 II.
The appellant also contends that the trial court conducted his revocation hearing "in a manner which deprived [him] of due process." He argues that, because he was not represented by counsel at the hearing, he failed to object to testimony about matters occurring before June 9, 1997, when the previous court order had continued him on probation. He also argues that, *Page 208 
because he lacked counsel, the court's asking him only "whether he had anything he wished to present" effectively denied him "the right to counsel, the right to pre[s]ent evidence, and the right to confront and cross-examine witnesses."
There is no automatic right to counsel in probation revocation proceedings. Counsel should be provided when a probationer makes a colorable claim that he did not commit the alleged violation or shows justification or mitigating reasons for the violation that are complex or otherwise difficult to develop or present. Coon v. State, 675 So.2d 94 (Ala.Cr.App. 1995); Rule 27.6(b)(1) and (2), Ala.R.Crim.P. Here, the appellant did not claim that he did not commit the violation, and he did not offer the trial court evidence of justification or mitigating reasons for his actions after he lost his job in April 1997. He therefore failed to show that he should have been represented by counsel at the revocation hearing.
With regard to the claim that the appellant was deprived of his right to present evidence and to confront and cross-examine witnesses, the record reveals no objection on these grounds at the trial court level. This court will not consider an argument that is raised for the first time on appeal. Eastland v. State,677 So.2d 1275 (Ala.Cr.App. 1996).
 III.
Because the trial court's revocation order failed to specify the evidence upon which the court relied, this cause must be remanded for the entry of an order that complies with Armstrong v.State, supra, and Rule 27.6(f). James v. State, 729 So.2d 364
(Ala.Cr.App. 1998). A return should be filed with this court within 45 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.
Long, P.J., and Cobb, Baschab, and Fry, JJ., concur.