The appellant, Carlos Gilbert Law, was convicted of possession of cocaine, a violation of § 13A-12-212, Ala. Code 1975, and was sentenced to 10 years' imprisonment; that sentence was split and he was ordered to serve 2 years' imprisonment followed by 3 years' probation. On January 13, 2000, the State filed a pleading styled as a "Motion to Revoke Probation," stating that Law had committed various criminal offenses during his term of imprisonment, including harassment, indecent exposure, third-degree assault, and insubordination. (C. 7.) The circuit court of Mobile County conducted a hearing, at which the court concluded that Law's probation was due to be revoked.
Initially, we note that, despite the fact that Law had not begun to serve his probationary period, the circuit court was authorized to revoke or modify any condition of Law's probation.Vogel v. State, 543 So.2d 200 (Ala.Cr.App. 1985); Thomas v.State, 508 So.2d 310 (Ala.Cr.App. 1987).
Law contends for the first time on appeal that the trial court erred by failing to advise him of his right to request an attorney during the probation revocation proceeding.
In Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App. 1992), this Court held that "the general rules regarding preservation should apply to rights granted to a probationer by Armstrong [v.State, 294 Ala. 100, 312 So.2d 620 (1975)] and Rule 27.5 and 27.6, [Ala.R.Crim.P.]" In Coon v. State, 675 So.2d 94 (Ala.Cr.App. 1995), the appellant contended for the first time on appeal that the trial court erred in allowing him to represent himself without first holding a hearing to determine if he had voluntarily relinquished his right to counsel in accordance with Faretta v.California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). This Court, recognizing that "in certain cases in which fundamental fairness — the touchstone of due process" [requires] that the State provide at its expense counsel for indigent probationers or parolees," addressed the merits of the issue. 675 So.2d at 96. We conclude, as we did in Coon, that fundamental fairness mandates that we address the merits of Law's contention that he was not informed of his right to counsel. As the United States Supreme Court noted in Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), situations exist in which a probationer, if not represented by counsel, may not receive the protections guaranteed by Morrissey v. Brewer, 408 U.S. 471,92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), in probation revocation proceedings.[1] Therefore, we address the merits of Law's contention that he was not informed of his right to counsel.
Before discussing whether Law was entitled to be informed of his right to request counsel, we note that there is no automatic right to counsel in a probation revocation proceeding. Spence v.State, 766 So.2d 206, 207 (Ala.Cr.App. 1999). Whether a probationer is entitled to counsel must be determined on a case-by-case basis. See Armstrong v. State, supra.
Rule 27.6, Ala.R.Crim.P., states, in pertinent part:
 "(b) The probationer is entitled to be present at the hearing and to be represented by counsel. Counsel will be appointed to represent an indigent probationer upon request:
 "(1) If the probationer makes a colorful claim that the probationer has not committed the alleged violation of the conditions or regulations of probation or the instructions issued by the probation officer; or *Page 251 
 "(2) Even when the violation is a matter of public record or is uncontested, if there are substantial reasons that justify or mitigate the violation and that may make revocation inappropriate, and the reasons are complex or otherwise difficult to develop or present."
This Court addressed a probationer's right to be informed of his right to request counsel in Franklin v. State, 545 So.2d 183
(Ala.Cr.App. 1988), wherein we stated:
 "The United States Supreme Court spoke to the issue of whether a probationer must be afforded an attorney during probation revocation proceedings in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In Gagnon, the Court held the following:
 "`It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements. . . . Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request . . . In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record.'
"411 U.S. at 790-91, 93 S.Ct. at 1764. (Emphasis supplied.)
 "The record is devoid of any statement of the grounds the trial court may have had for refusing counsel for the appellant. The record is devoid of any evidence that the appellant requested an attorney. However, there is also no evidence to indicate that the appellant was advised by the court at any time during the proceeding that he had a right to request an attorney.
 "Therefore, pursuant to the guidelines set forth in Gagnon, supra, and applied by the Alabama Supreme Court in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), the judgment is reversed and the cause remanded to the circuit court. . . ."
545 So.2d at 184. (Emphasis added.)
Other jurisdictions have addressed the right of a probationer to be informed of his right to request counsel. In Kitchens v.State, 234 Ga. App. 785, 508 S.E.2d 176 (Ga.App. 1998), the Georgia Court of Appeals stated:
 "`Since a probationer has no inflexible right to appointed counsel under the due process clause of the Fourteenth Amendment, there is no absolute requirement that he be informed of that right. A probationer is entitled only to be informed of his right to request counsel.' (Punctuation omitted.) [Vaughn v. Rutledge, 265 Ga. 773,] 774(2), 462 S.E.2d 132 [(Ga. 1995)]. . . ."
234 Ga. App. at 785, 508 S.E.2d at 178. (Emphasis added.) InKitchens, the Court of Appeals of Georgia stated further:
 "The State correctly points out that a trial court's failure to inform an accused of his right to request counsel is not necessarily fatal to its case. `Unless [the probationer's] revocation proceeding was one wherein the actual appointment of counsel was necessary to satisfy applicable due process requirements of fundamental fairness, then he would not have been entitled to have his request for counsel honored and the mere failure to have informed him of the right to make such a request could not have harmed him.' Vaughn, supra at 774-775(3), 462 S.E.2d 132. However, the trial court must make the initial determination as to whether a probationer is entitled to counsel based upon the guidelines set forth in Gagnon. Id. at 774-775(3), 462 S.E.2d 132. Because the trial court in that case failed to do so, we must remand this case to the trial court for such a determination. See Vaughn, supra; Elkins [v. State, 147 Ga. App. 837, 250 S.E.2d 535 (Ga.App. 1978)]; Harris *Page 252 [v. State, 251 Ga. 517, 307 S.E.2d 504
(Ga. 1983)]."
234 Ga. App. at 787, 508 S.E.2d at 179. (Emphasis added.)
In this case, the record does not indicate that the trial court informed Law of his right to request counsel, and it does not indicate that it made an initial determination as to whether Law was entitled to counsel based on the guidelines set forth inGagnon and Rule 27.6(b), Ala.R.Crim.P. We are unable to determine from the record before us the circumstances leading Law to represent himself pro se.[2]
Our review of the record reveals that, after the State presented several witnesses who testified concerning the alleged probation violations, Law denied committing the alleged violations and claimed that the charges were brought against him because the prison officials wanted to keep him in prison. (R. 10-12.) Additionally, Law argued that he did not "know that [the] alleged
behavior would result" in the revocation of his probation. (R. 13.) (Emphasis added.) Although Law argued that he did not realize that the terms of his probation included not receiving any disciplinary violations in prison, the record does not indicate that Law admitted committing the charged violations. Therefore, Law's claim may be colorable, or substantial reasons may exist that require the assistance of counsel. While we recognize that the trial court's failure to inform Law of his right to request counsel is not necessarily reversible error, we cannot, in light of the sparse record before us, conclude that the error was harmless. See United States v. Hasting, 461 U.S. 499, 508 n. 6,103 S.Ct. 1974, 1980 n. 6, 76 L.Ed.2d 96 (1983).
Because the record does not indicate that the trial court made an initial determination concerning whether Law would have been entitled to counsel, we remand this case to the trial court to make such a determination. If the trial court determines that counsel was not necessary in these proceedings, it should set forth its findings in a written order. In the event that the trial court determines that Law raised a colorable claim or substantial reasons exist to appoint counsel, in accordance with Rule 27.6(b), Ala.R.Crim.P., and would have been entitled to counsel, we order the trial court to conduct a new probation revocation proceeding informing Law of his right to request counsel and in accordance with the requirements set forth inGagnon. The trial court shall take all necessary action to ensure that the circuit clerk makes due return to this remand order at the earliest possible time and no later than 60 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
Long, P.J., and McMillan, Cobb, and Baschab, JJ., concur.
[1] The rights created in Gagnon and Morrissey were incorporated into Rule 27.5 and 27.6, Ala.R.Crim.P.
[2] The trial court granted Law indigent status on appeal and we cannot presume a waiver of the right to counsel from a silent record. Cf. Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884,890, 8 L.Ed.2d 70 (1962).