SHAW, Judge,
concurring specially.
I concur to reverse the trial court’s judgment for the reasons stated in the main opinion. However, I write specially to address the dissenting opinion. I believe that the basic premise (the existence of fundamental principles of due process) on which this Court relied in deciding Law v. State, 778 So.2d 249 (Ala.Crim.App.2000), which was grounded on the same *1145 basic premise on which this Court relied in deciding Coon v. State, 675 So.2d 94 (Ala.Crim.App.1995), is sound. Because I believe that fundamental fairness requires that we address the merits of whether a probationer was properly advised of his or her right to request counsel under Rule 27.5(a)(3), Ala.R.Crim.P., even though raised for the first time on appeal, I do not agree that Law should be overruled.
In Puckett v. State, 680 So.2d 980 (Ala.Crim.App.1996), quoted extensively in the dissenting opinion, this Court recognized that one of the underlying rationales for the two long-standing exceptions to the general rule of preservation was the difficulty in raising an objection in the trial court to the adequacy of the written order of revocation and to the failure to hold a probation-revocation hearing. I believe there are similar difficulties with respect to a trial court’s failure to advise a probationer of his or her right to request counsel. If a probationer does not know that he or she has the right to request counsel because the trial court never informed the probationer of that right, he or she cannot possibly know to object to the trial court’s failure to advise the probationer of the right to request counsel. The fact that “situations exist in which a probationer, if not represented by counsel, may not receive the protections guaranteed by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), in probation revocation proceedings,” Law, 778 So.2d at 250 (footnote omitted), coupled with the inherent inconsistency in requiring a probationer to object to the trial court’s failure to advise him or her of the right to request counsel when the probationer is not aware that he or she has such a right, requires that this Court address the merits of the appellant’s claim, even though it is being raised for the first time on appeal.
McMILLAN, P.J., and COBB, J., concur.