Gregory Gibbons appeals from the circuit court's revocation of his probation. The record reveals that on January 4, 2001, Gibbons pleaded guilty to one count of promoting prison contraband in the second degree, a violation of § 13A-10-37, Ala. Code 1975, and a Class C felony. He was sentenced to 15 years' imprisonment and was ordered to complete the Department of Corrections substance-abuse program.[1] *Page 382 
On September 25, 2001, the circuit court suspended Gibbons's sentence and placed him on supervised probation for four years.
On September 3, 2002, Gibbons's probation officer filed a delinquency report, alleging that Gibbons had violated a condition of his probation by being arrested for two charges of unlawful distribution of a controlled substance. On October 17, 2002, Gibbons appeared before the circuit court and denied that he had committed the alleged offenses. When Gibbons attempted to make additional comments to the court concerning his case, the court stated, "[D]on't tell me anything, because your lawyer's not here. We will have a hearing on this on [November 14]."
On November 14, 2002, Gibbons appeared before the circuit court for a second time. Despite the court's statement at the October 17 proceeding regarding Gibbons's lawyer, Gibbons was not represented by counsel and was not advised of his right to request counsel. Gibbons again denied the allegations contained in the delinquency report. The court then heard testimony from Jeff Moore, an agent with the Central Alabama Drug Task Force, concerning the details of the offense. Agent Moore testified that on June 17, 2002, he was participating in an investigation of Gibbons. Specifically, Moore stated:
 "I was doing an undercover operation in the Westend area in Clanton, Alabama on 14th Street. As it stands right now, I believe Mr. Gibbons has approximately six distribution cases on him, which is over an amount that we usually try to get on them to show an extended period of drug sales. The reason Mr. Gibbons was picked up prior to Grand Jury was because he was so demanding in that area that we had to have him picked up before we could move on to another suspect."
(R. 8.)
Following Agent Moore's testimony, Gibbons told the court: "My folks are here and want to try to get me in a rehab and try to get me some help." He further stated that anything he had done was because "I was only trying to support my habit." The circuit court revoked Gibbons's probation and reinstated the original 15-year sentence. Gibbons filed a notice of appeal, in which he claimed that his rights had been violated because he was not represented by counsel during his revocation hearing.
"[T]here is no automatic right to counsel in a probation revocation proceeding." Law v. State, 778 So.2d 249, 250
(Ala.Crim.App. 2000) (citing Spence v. State, 766 So.2d 206,207 (Ala.Crim.App. 1999)). Whether a probationer is entitled to counsel is determined on a case-by-base basis. See Law, 778 So.2d at 250; Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975).
Rule 27.6(b), Ala.R.Crim.P., provides:
 "The probationer is entitled to be present at the hearing and to be represented by counsel. Counsel will be appointed to represent an indigent probationer upon request:
 "(1) If the probationer makes a colorable claim that the probationer has not committed the alleged violation of the *Page 383 
conditions or regulations of probation or the instructions issued by the probation officer; or
 "(2) Even when the violation is a matter of public record or is uncontested, if there are substantial reasons that justify or mitigate the violation and that may make revocation inappropriate, and the reasons are complex or otherwise difficult to develop or present."
In Law v. State, we held:
 "`[A] trial court's failure to inform an accused of his right to request counsel is not necessarily fatal to its case. "Unless [the probationer's] revocation proceeding was one wherein the actual appointment of counsel was necessary to satisfy applicable due process requirements of fundamental fairness, then he would not have been entitled to have his request for counsel honored and the mere failure to have informed him of the right to make such a request could not have harmed him." Vaughn [v. Rutledge, 265 Ga. 773,] 774-775(3), 462 S.E.2d 132 [(1995)]. However, the trial court must make the initial determination as to whether a probationer is entitled to counsel based upon the guidelines set forth in Gagnon [v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)]. Id. at 774-775(3), 462 S.E.2d 132, 265 Ga. 773, 462 S.E.2d 132. Because the trial court in that case failed to do so, we must remand this case to the trial court for such a determination.'"
778 So.2d at 251 (quoting Kitchens v. State, 234 Ga.App. 785,787, 508 S.E.2d 176, 179 (1998)).
Here, the record is ambiguous as to whether the circuit court made a determination concerning Gibbons's right to counsel. Although the court initially cautioned Gibbons not make any statements at his initial appearance because his counsel was not present, no further mention of Gibbons's right to counsel was made at his revocation hearing. Nor does the record indicate that the circuit court made an initial determination whether Gibbons would, in fact, have been entitled to counsel. Accordingly, we remand this case for the circuit court to make such a determination. If the circuit court determines that counsel was not necessary in these proceedings, it should set forth its findings in a written order. In the event that the circuit court determines that, in accordance with Rule 27.6(b), Ala.R.Crim.P., Gibbons raised a colorable claim or that substantial reasons exist to appoint counsel, and that he would have been entitled to counsel, the circuit court shall conduct a new probation-revocation proceeding informing Gibbons of his right to request counsel, in accordance with the guidelines set forth inGagnon v. Scarpelli. The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to this Court within 56 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
[1] Although Gibbons's sentence appears to exceed the maximum range for a sentence for a Class C felony, our records reveal that Gibbons has at least two prior felony convictions; thus, he was sentenced as a habitual felony offender. Therefore, his 15-year sentence is a valid sentence. Gibbons v. State,676 So.2d 956 (Ala.Crim.App. 1995). See Nettles v. State,731 So.2d 626, 629 (Ala.Crim.App. 1998); Hull v. State, 607 So.2d 369,371 (Ala.Crim.App. 1992) (this Court may take judicial notice of its own records).
* Note from the reporter of decisions: On December 12, 2003, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion. *Page 811