A05A0831. BANKS v. THE STATE.

(620 SE2d 581)

BERNES, Judge.

We granted appellant Terri S. Banks' application for discretionary appeal to determine whether the trial court erred by denying her request for the appointment of counsel to represent her in a probation revocation proceeding. Because the appointment of counsel was not necessary to assure the fundamental fairness of the revocation proceeding, we affirm.

In April 2000, Banks was convicted of forgery in the first degree and sentenced to ten years, three to serve in confinement with the remainder on probation. In September 2004, Banks' probation officer filed a petition for revocation of probation alleging that Banks had violated the terms and conditions of her probation by failing to avoid injurious habits and violating criminal laws, including possession of controlled substances (hydrocodone and alprazolam), giving a false

---

[8] (Citation omitted.) Id. at 353 (2).

[9] 215 Ga. 16 (108 SE2d 703) (1959).

[10] (Citations omitted.) Id.

[11] *Chapman*, supra, citing *Phillips*, supra.

name, and theft by shoplifting. The petition also alleged that she failed to report to her probation officer upon her release from prison.

Banks requested that counsel be appointed to represent her at the revocation hearing. The Floyd County Superior Court administrator denied Banks' request by way of a form memorandum stating as follows:

> You have a probation violation that is technical in nature, and our records indicate that there are no new criminal charges pending in Floyd County Superior Court associated with your probation violation. Attorneys are not appointed for technical probation violation charges.[1]

At the revocation hearing on October 7, 2004, Banks signed an admission acknowledging that she had violated a criminal law as alleged in the petition, i.e., "possession of her brother's prescription drugs." She also admitted to violating "technical" rules requiring her to avoid injurious habits and to report to her probation officer as directed. The trial court revoked Banks' probation for a period of three years finding that she had admitted the technical violations as alleged in the petition, the "new non-violent misdemeanor offense" of shoplifting and the "new felony offense[s]" of possession of hydrocodone and alprazolam.[2]

Banks' sole allegation of error on appeal is that the trial court erred in refusing her request for appointment of counsel because the petition for revocation of probation alleged new criminal charges.[3] However,

---

[1] The petition for probation revocation alleged that the new criminal violations occurred in Bartow County.

[2] Banks did not sign a written admission to the offense of shoplifting. However, at the probation revocation hearing, the trial court asked what had been taken in the shoplifting. Banks responded: "One shirt, Your Honor. It was $14.95." Pretermitting whether Banks' statements at the hearing constituted an admission to the misdemeanor shoplifting incident, her admission to the other alleged probation violations was sufficient to authorize the revocation. See *Simmons v. State*, 156 Ga. App. 336, 337 (1) (274 SE2d 726) (1980) (upholding probation revocation resting "alternatively upon the independent determination by the court that appellant violated yet another of the conditions of his probation"); *Boston v. State*, 128 Ga. App. 576, 577 (197 SE2d 504) (1973) (finding that the trial judge did not abuse his discretion in revoking probation where the evidence showed that defendant violated at least one of the probation conditions).

[3] Banks is represented by court-appointed counsel in this appeal. We note that effective January 1, 2005, OCGA § 17-12-23 (a) (2) entitles indigent persons to representation by the circuit public defender at probation revocation hearings in superior court. However, for our decision in this case, we apply the law that was in effect when Banks was denied appointment of counsel for the October 7, 2004 probation revocation hearing.

a probationer has no Sixth Amendment right to counsel at a revocation proceeding because it "is not a stage of a criminal prosecution." *Vaughn v. Rutledge*, 265 Ga. 773, 774 (1) (462 SE2d 132) (1995). "A probationer has only a more limited due process right to counsel under the Fourteenth Amendment," and whether [she] is entitled to counsel must be determined on a case-by-case basis.

*Kitchens v. State*, 234 Ga. App. 785 (1) (508 SE2d 176) (1998). "It is only in a revocation proceeding 'in which fundamental fairness — the touchstone of due process —' mandates the appointment of counsel that the State [is] required to provide [a] probationer with legal representation." (Citations omitted.) *Vaughn*, 265 Ga. at 774 (2). While there is no precise and detailed set of guidelines to be followed in determining whether counsel should be appointed to meet due process requirements, the United States Supreme Court set forth certain criteria in *Gagnon v. Scarpelli*, 411 U. S. 778, 790-791 (III) (93 SC 1756, 36 LE2d 656) (1973).

> Presumptively, it may be said that counsel should be provided in cases where, after being informed of [her] right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that [she] has not committed the alleged violation of the conditions upon which [she] is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing [upon] a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for [herself].

Id.

At the outset, we note the trial court failed to analyze Banks' request for counsel in accordance with the *Scarpelli* criteria and relied upon improper grounds for denying the request. *Scarpelli* makes no distinction for "technical" probation violations or for probation violations involving new criminal charges pending in a different jurisdiction. As such, we disapprove of the proffered reason set forth in the trial court's form memorandum.

Nonetheless, we conclude that the trial court's application of erroneous reasoning was harmless in this case.[4] "[Banks'] admission to having committed another . . . crime creates the very sort of situation in which counsel need not ordinarily be provided." *Scarpelli*, supra at 791 (IV). See also *Hunter v. State*, 139 Ga. App. 676, 677 (1) (229 SE2d 505) (1976) (where this Court held that a probationer could not claim harm from the lack of counsel because of his admission that he had violated the condition of probation). Moreover, Banks has not claimed any reasons justifying or mitigating her violations and the record reveals that Banks capably spoke for herself. Banks has made no showing that the appointment of counsel for the revocation proceedings was necessary to satisfy due process concerns of fundamental fairness.[5] Accordingly, the trial court did not err in failing to appoint counsel to represent Banks at the probation revocation hearing.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 1, 2005.

*Bret E. Rudeseal*, for appellant.

*Leigh E. Patterson, District Attorney, Harold W. Goldin, Jr., Assistant District Attorney*, for appellee.

---

[4] "The general guidelines outlined [in *Scarpelli*] should be applied in the first instance by those charged with conducting the revocation hearing." *Scarpelli*, supra at 791 (IV). Accordingly, this Court generally would remand the case for a determination applying the proper criteria on this issue. See *Parrish v. State*, 164 Ga. App. 575, 577 (2) (298 SE2d 558) (1982). However, "remand should be principled and necessary, not automatic, delaying, and wasteful of judicial and legal resources." (Citation and punctuation omitted.) *Elrod v. State*, 222 Ga. App. 704, 705 (1) (475 SE2d 710) (1996). In this case, the issue may be decided on the record by this Court and remand "would serve no useful purpose." Id. at 706 (1). We further note that "[e]ven if the trial court['s] . . . reasoning was flawed, a judgment that is right for any reason will be affirmed. *City of Gainesville v. Dodd*, 275 Ga. 834, 835 (573 SE2d 369) (2002)." *Abdulkadir v. State*, 279 Ga. 122, 125, n. 16 (610 SE2d 50) (2005).

[5] Banks has claimed on appeal that appointed counsel would have prevented her from making admissions that could be used against her in Bartow County criminal proceedings. However, this claim is speculative and without support in the record.