WISE, Presiding Judge.
 

 On October 6, 2005, the appellant, Daniel Emerson, was convicted of first-degree sexual abuse. The trial court split his sentence to time served followed by five years on supervised probation. On March 7, 2006, Emerson’s probation officer filed an “Officer’s Report on Delinquent Probationer.” On January 31, 2007, the circuit court conducted an initial revocation hearing. At the conclusion of that hearing, the circuit court instructed Emerson that, when it knew where he would live, it would reinstate his probation. On June 25, 2007, the circuit court conducted a second hearing. After determining that Emerson did not have a suitable place to live, the circuit court revoked his probation. This appeal followed.
 

 I.
 

 Emerson argues that the circuit court did not enter a written order in which it stated the evidence upon which it relied in revoking his probation.
 

 
 *840
 
 “It follows that the requirement of
 
 Wyatt [v. State,
 
 608 So.2d 762 (Ala.1992),] and its associated cases — that the trial court enter a written order stating its reasons for the revocation and the evidence relied upon regardless of the state of the record — is no longer applicable. Henceforth, the Court of Criminal Appeals may determine, upon a review of the record, whether the requisite Rule 27.6(f)[, Ala. R.Crim. P.,] statements are presented by that record. Thus, the Court of Criminal Appeals may examine the record and conclude that ‘oral findings, if recorded or transcribed, can satisfy the requirements of
 
 Morrissey [v. Brewer,
 
 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972),] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.’
 
 [United States v.] Copeland,
 
 20 F.3d [412,] 414 (11th Cir.1994)].
 

 “We hasten to note that our holding in this case does not diminish the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.
 
 The requirements of Wyatt will still be fully applicable in those situations where the record, for lack of transcription of the revocation hearing or for some other reason, fails to clearly and unambiguously set forth the reasons for the revocation and the evidence that supported those reasons.
 
 Thus, the requirements of
 
 Wyatt
 
 are fully applicable to the trial court’s order of revocation where the record fails to comply with Rule 27.6(f).”
 

 McCoo v. State,
 
 921 So.2d 450, 462-63 (Ala.2005) (emphasis added).
 

 “In order to meet the requirements of Rule 27.6(f), as well as those of constitutional due process, it is ‘the duty of the trial court to take some
 
 affirmative action,
 
 either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.’
 
 McCoo,
 
 921 So.2d at 462 (emphasis added).”
 

 Ex parte Garlington,
 
 998 So.2d 458, 459 (Ala.2008).
 

 In its written revocation order, the circuit court stated:
 

 “This case was called for hearing on Petition to Revoke Probation on this the 25th day of June, 2007. Appearing for the State, the Honorable Carol Boone. The defendant appeared before the Court with his attorney, the Honorable Don Hamlin.
 

 “After an ore tenus hearing the Court finds that the defendant has violated the terms and conditions of his probation in that he has:
 

 “1. Defendant failed to find a suitable place to live approved by the Sheriff’s Department.
 

 “2. Defendant has been drinking.
 

 “3. Defendant has been associating with known convicted felons.
 

 “It is therefore ORDERED, ADJUDGED AND DECREED that the defendant, Daniel Emerson, probation is hereby revoked and the defendant ordered incarcerated in the Department of Corrections to serve the balance of the fifteen year sentence as heretofore ordered.”
 

 (C.R. 54.)
 

 The circuit court did not include in either its written revocation order or the transcript of the revocation proceedings an affirmative statement that adequately set
 
 *841
 
 forth the evidence upon which it relied in revoking Emerson’s probation. Accordingly, we must remand this case to the circuit court with instructions that it enter a written order in which it specifically states the evidence upon which it relied in revoking Emerson’s probation.
 

 II.
 

 Emerson also argues that the circuit court erred when it did not appoint counsel to represent him during the June 25, 2007, hearing. The record shows that Emerson was represented by counsel during the January 31, 2007, hearing. However, on June 18, 2007, counsel filed a motion to withdraw from Emerson’s case. The transcript of the June 25, 2007, hearing indicates that Emerson represented himself at that hearing.
 

 “‘[T]here is no automatic right to counsel in a probation revocation proceeding.’
 
 Law v. State,
 
 778 So.2d 249, 250 (Ala.Crim.App.2000) (citing
 
 Spence v. State,
 
 766 So.2d 206, 207 (Ala.Crim.App.1999)). Whether a probationer is entitled to counsel is determined on a case-by-case basis. See
 
 Law,
 
 778 So.2d at 250;
 
 Armstrong v. State,
 
 294 Ala. 100, 812 So.2d 620 (1975).”
 

 Gibbons v. State,
 
 882 So.2d 381, 382 (Ala.Crim.App.2003). Rule 27.6(b), Ala. R.Crim. P., provides, in pertinent part:
 

 “Counsel will be appointed to represent an indigent probationer upon request:
 

 “(1) If the probationer makes a col-orable claim that the probationer has not committed the alleged violation of the conditions or regulations of probation or the instructions issued by the probation officer; or
 

 “(2) Even when the violation is a matter of public record or is uncontested, if there are substantial reasons that justify or mitigate the violation and that may make revocation inappropriate, and the reasons are complex or otherwise difficult to develop or present.”
 

 In this case, the record indicates that the circuit court appointed counsel to represent Emerson before the initial revocation hearing. After counsel filed his motion to withdraw, the circuit court allowed Emerson to appear pro se at the June 25, 2007, hearing. However, the circuit court did not advise Emerson of his right to request counsel or make any findings regarding whether Emerson had a right to appointed counsel during the June 25, 2007, hearing. Therefore, we must also remand this case to the circuit court for that court to make specific, written findings of fact regarding whether Emerson had a right to appointed counsel during the June 25, 2007, hearing.
 
 See Turner v. State,
 
 981 So.2d 444 (Ala.Crim.App.2007);
 
 Lanier v. State,
 
 849 So.2d 994 (Ala.Crim.App.2002).
 

 For the above-stated reasons, we remand this case to the circuit court with instructions that it make specific, written findings of fact regarding whether Emerson had a right to appointed counsel during the June 25, 2007, hearing. If the circuit court determines that Emerson was entitled to have appointed counsel represent him during that hearing, it shall set aside its order revoking Emerson’s probation and conduct a new revocation hearing that complies with the due process requirements set forth in
 
 Morrissey v. Brewer,
 
 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972);
 
 Gagnon v. Scarpelli,
 
 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973);
 
 Armstrong v. State,
 
 294 Ala. 100, 312 So.2d 620 (1975); and Rule 27, Ala. R.Crim. P. If the circuit court determines that Emerson was not entitled to appointed counsel during the June 25, 2007, hearing, it shall set forth its findings in a written order
 
 and
 
 shall also enter a new written revocation
 
 *842
 
 order in which it specifically states the evidence upon which it relied in revoking Emerson’s probation. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 35 days after the release of this opinion.
 
 [1]
 

 REMANDED WITH INSTRUCTIONS.
 

 WELCH, WINDOM, and KELLUM, JJ., concur.
 

 [1]
 

 . Because of our disposition of this case, we pretermit discussion of any remaining claims Emerson raises in his brief to this court.