**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 30, 2021**

# In the Court of Appeals of Georgia

A21A0809. TORREGANO v. THE STATE.

PIPKIN, Judge.

We granted appellant Brandon Torregano's application for discretionary appeal to review an order of the Muscogee County Superior Court revoking his probation. On appeal, Torregano[1] argues, among other things, that he was improperly denied his right to counsel at the probation revocation proceedings and that the trial court erred by revoking the balance of his probation in contravention of OCGA § 42-8-34.1 (d). As more fully set forth below, we now vacate the trial court's order and remand for further proceedings consistent with this opinion.

---

[1] Several spellings of appellant's name appear in the record; we have used the spelling in the notice of appeal for the purposes of docketing and this opinion.

The record shows that in October 2016, Torregano pleaded guilty to a charge of first degree forgery under Muscogee County Indictment No. SU16CR366 and was sentenced to ten years, two to serve in confinement and the remainder on probation. In February 2020, Torregano's community supervision officer filed petitions to revoke Torregano's probation in Indictment No. SU16CR366 as well as two other cases involving separate charges and sentences based on, among other allegations, that he struck a corrections officer at the jail.[2] A hearing was held on June 23, 2020, during which Torregano appeared pro se. Following the hearing, the trial court revoked Torregano's probation in all three cases; specifically in Indictment No. SU16CR366, the trial court revoked Torregano's probation "in full" and sentenced him to six years, four months, and five days of confinement.

1. Torregano first challenges the trial court's failure to appoint counsel to represent him during the probation revocation proceedings.

As our appellate courts have explained, there is "no Sixth Amendment right to counsel at a revocation proceeding[;]" instead, a probationer has only "a more limited due process right to counsel under the Fourteenth Amendment." (Citation and

---

[2] We glean these facts from the probation hearing transcript since Torregano has not appealed the revocation of his probation in the other cases and the petitions to revoke his probation in those cases have not been included in the record on appeal.

2

punctuation omitted.) *Vaughn v. Rutledge*, 265 Ga. 773, 774 (1) (462 SE2d 132) (1995). See also *Newbern v. State*, 356 Ga. App. 696, 697(1) (849 SE2d 39) (2020). Thus, "[i]t is only in a revocation proceeding in which fundamental fairness – the touchstone of due process – mandates the appointment of counsel that the State will be required to provide the probationer with legal representation." (Citation and punctuation omitted.) *Vaughn*, 265 Ga. at 774 (2). Necessarily then – since the concept of fundamental fairness cannot be precisely elucidated and the determination must be made on a case by case basis – "there is no precise and detailed set of guidelines to be followed." (Citation and punctuation omitted.) Id. at 775 (3). However, in *Gagnon v. Scarpelli*, 411 U. S. 788, 790-791 III (93 SCt 1756, 36 LE2d 656) (1973) the United States Supreme Court set forth certain criteria that should be considered in deciding this issue. *Banks v. State*, 275 Ga. App. 326, 328 (620 SE2d 581) (2005).

> Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer . . . makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation

3

inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself.

*Gagnon*, 411 U. S. at 790-791 (III). Importantly, "[i]n every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record." *Elkins v. State*, 147 Ga. App. 837, 838 (250 SE2d 535) (1978). See also *Kitchens v. State,* 234 Ga. App. 785, 785-786 (1) (508 SE2d 176) (1998).

As to this issue, the transcript of the revocation hearing shows that the trial court began by noting the court's understanding that Torregano had elected to represent himself and asked Torregano to confirm if this was correct. Torregano responded in the affirmative, and then the trial court inquired if he wanted a public defender, followed immediately by a question concerning whether Torregano was previously represented by a public defender. Torregano responded with the name of the public defender who had previously represented him, and the State's attorney interjected that Torregano had fired her. After reviewing Torregano's responses on a waiver of counsel form, the trial court then questioned Torregano regarding his

4

decision and his ability to represent himself. Toward the end of the questioning, the trial court asked Torregano "why do you think you could do a better job than a lawyer in representing yourself in this case?" Torregano responded, "I never said I could do a better job, just trying to get another public [de]fender . . . . I was trying to get another public defender. Hoping for one in that matter."

The trial court then questioned Torregano concerning matters unrelated to Torregano's statement regarding his desire to have counsel. After discussion of these matters, the trial court asked Torregano whether he "specifically waive[d] his right to counsel," and Torregano responded, "It'd be nice to have one but I don't have one." The trial court took his response as "a clear answer that you want a lawyer appointed to represent you[,]" and Torregano again stated "[a] public defender would be nice." The following exchange then occurred:

COURT: Well, you fired one public defender.

DEFENDANT: Uh-huh. (indicating in the affirmative)

COURT: And typically that's the end of it. I'm sorry, sir. Tell me again.

DEFENDANT: No possibility I'd get another one.

COURT: The question of what's possible really isn't an applicable standard of where we are right now. All right. So, you want a lawyer. Can you afford a lawyer?

5

DEFENDANT: No, sir.

COURT: Do you have any income that can pay for a lawyer?

DEFENDANT: I started a job the same day you came and got me from my house, so, no.

COURT: Okay. Do you have anybody that would help you?

DEFENDANT: No.

COURT: Is – the public defenders, are they still on the meeting?[3] Is Ms. Novak still here? Let me see –

NOVAK: Yes, Your Honor. . . . I heard everything. And he was advised, just so the Court is aware, at the time when he fired me, that another lawyer would not be appointed. That was when – that was before I even did the withdrawal motion.

COURT: All right. Mr. Torregano, did you hear what Ms. Novak – she's the public defender – what she just said.

DEFENDANT: Yes, sir.

COURT: What are the possibilities that you could hire a lawyer in the next ten days?

DEFENDANT: No.

---

[3] The hearing was conducted via zoom video conference.

The trial court then called a break in the proceedings to consider whether counsel should be appointed to represent Torregano. When the hearing resumed, the court informed Torregano, "You also were informed that there would be no one else available to be appointed from the public defenders' [office], and you tell me that you can't hire a lawyer, yet we've gone through this fairly lengthy prologue dealing with the representation by yourself. So, we're going to go forward with the hearing." The trial court then instructed the prosecuting attorney to proceed with the hearing.

Although Torregano's limited right to request appointed counsel during the revocation hearing was by no means made clear to him, what is clear is that Torregano repeatedly stated that he wanted to have counsel appointed to represent him, and the trial court understood his statements as a clear request for the appointment of counsel. The trial court, however, never made an express determination concerning whether Torregano was entitled to have counsel appointed, defaulting instead to the determination that had been made by Torregano's previous appointed counsel without making any inquiry into the circumstances surrounding Torregano's termination of his previous counsel. In short, the trial court never stated any reasons on the record for not appointing counsel and did not appear to give any consideration to whether, outside of previous counsel's statement that he was not

entitled to have another attorney appointed to represent him, Torregano was entitled to appointed counsel considering the relevant criteria. "In failing to do so, the trial court erred." *Newbern*, 356 Ga. App. at 699-700 (1).

"In *Gagnon*, the Supreme Court of the United States made clear that '(t)he general guidelines outlined (by the Supreme Court] should be applied in the first instance by those charged with conducting the revocation hearing,' i.e., by the trial court."*Newbern*, 356 Ga. App. at 700 (2). Thus, in most instances where the trial court fails to apply those guidelines, the appropriate response is to vacate the revocation order and remand for the trial court to make that determination. *Newbern*, 356 Ga. App. at 700 (2) & n.19 (noting cases in which both this Court and our Supreme Court have vacated and remanded to the trial court to make the initial determination required by *Gagnon*). See also *Kitchens*, 234 Ga. App. at 787 (1) (remanding because "the trial court must make the initial determination as to whether a probationer is entitled to counsel based on the guidelines set forth in *Gagnon*.); cf. *Banks*, 275 Ga. App. at 329 (remand for determination of entitlement to counsel unnecessary where probationer admitted violation, she did not claim any justifications or mitigating factors in violating the probation, and the record showed she "capably spoke for herself."). Based on this record before us, we believe a remand is also

8

necessary in this case. Torregano did not admit to the violation underlying the probation – that he struck a corrections officer at the jail – and he correctly understood that the matter involved "her word against his word." However, as the State pointed out at the hearing, Torregano did not actually testify at the hearing and the correction officer's testimony was unopposed, suggesting that Torregano did not understand what he needed to do to present evidence.[4] The transcript also reflects that Torregano did not understand how to cross-examine the witness and that he was under the mistaken belief that, at the conclusion of her testimony, he could still plead guilty to the charge "and take the five do three in month terms instead of years and just to get the process over with" based on what he had been previously told by his appointed counsel. Further, the proceedings were somewhat more complicated here because they involved the alleged violation of probation imposed in three separate cases, as indicated by confusion in the record concerning whether the evidence that Torregano violated a condition of his probation by failing to submit to substance abuse evaluation and treatment applied to the revocation of probation entered on Indictment No. SU16CR366 or whether it applied only to the revocation of the

---

[4] In an oral ruling at the conclusion of the hearing, the trial court also noted that the evidence that Torregano struck the corrections officer was uncontested.

probated sentence in one of the other cases.[5] Lastly, while the State advised Torregano at the hearing that his probation could be revoked for five years, the trial court erroneously revoked over six years of probation in Indictment No. SU16CR366, a fact that Torregano did not call to the trial court's attention. Given these and other circumstances of this case,[6] we vacate the order of revocation in Indictment No. SU16CR366 and remand to the trial court to "either state its reasons for not appointing counsel when [Torregano] indicated that he wished to have an attorney to represent him at the hearing or, alternatively, proceed with a new revocation hearing, in which [Torregano] is afforded the opportunity to be represented by counsel." *Newbern*, 356 Ga. App. at 702.

---

[5] Although the trial court did not mention this alleged violation of a condition of probation in its oral ruling following the hearing, the State points to this evidence in support of its contention that the State met its burden of proof to show Torregano violated his probation. Further, as Torregano argues in his brief on appeal, there is some confusion concerning whether the condition concerning evaluation and treatment for substance abuse should be treated as a general or special condition of probation, which is important considering that different consequences attach to the violation of the condition depending on this classification.

[6] Torregano also asserts in his brief on appeal that he was being treated for bipolar disorder, a fact, he asserts, that the trial court should have been made aware of even if Torregano himself did not disclose this when given an opportunity to do so at the hearing.

10

2. Because the trial court may, if it determines that Torregano is not entitled to a new revocation hearing with representation, re-enter the revocation order, we must address Torregano's contention that the trial court erred by revoking the balance of his probation entered on Indictment No. SU16CR366. The State concedes that this was error, and that under OCGA § 42-8-34.1 (d), the maximum amount of probation that could be revoked was five years. Accordingly, even if the trial court determines that Torregano is not entitled to a new hearing, he must be resentenced.

3. In light of our disposition in this case, it is unnecessary for us to address Torregano's remaining enumerations of error.

*Judgment vacated and case remanded with direction. Miller, P. J., and Hodges, J., concur*.