39373. KEMP v. SPRADLIN.

CLARKE, Justice.

This is a habeas corpus case in which the writ was granted by the trial court. We affirm.

Spradlin was given probation after pleading guilty to burglary in

1980. He had no legal counsel. Again in 1981, without legal counsel, he pled guilty to two counts of violating the Georgia Controlled Substances Act. His probation in the burglary case was revoked during a hearing at which he was also unrepresented.

The issue is whether the accumulation of proceedings, each of which could result in deprivation of liberty without legal assistance, is sufficient grounds to support the issuance of a writ of habeas corpus. We hold that under the facts in this case the writ was properly issued.

When Spradlin appeared in court on the controlled substances charges he asked for appointed counsel, pointing out that because of severe burn injuries he was disabled and his only income was social security. The trial court denied the request because he had been free on bond and reasoned that a person who is financially able to make bond is financially able to employ legal counsel. The court then proceeded to take a guilty plea and conduct a revocation hearing. Spradlin was sentenced to two concurrent four-year terms and his probation was revoked.

There is no appeal from the habeas court's invalidation of the controlled substances sentences. However, appellant contends the trial court acted within its authority in revoking the probation and that the habeas court erred in overturning the revocation of the probated burglary sentence.

We recognize that the revocation of probation can rest upon evidence less than is required for conviction. We also recognize that a defendant is not ordinarily entitled to appointed counsel for a probation revocation hearing. The issue here, however, is broader than either of these rules. We are faced with an accumulation of three liberty threatening proceedings in which there was no legal representation. This is a circumstance which brings this case under the guidelines established by the United States Supreme Court in Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656) (1973). There the Court dealt with whether it is necessary to provide legal counsel at hearings on the revocation of probation or parole. It held that the decision must be made on a case by case basis. In his special concurring opinion in *Foskey v. Sapp,* 237 Ga. 788, 792 (229 SE2d 635) (1976), Chief Justice Hill discussed Scarpelli and observed, "Where fundamental fairness requires, counsel must be provided." We hold that the accumulation of three liberty threatening proceedings without the benefit of legal representation is a circumstance under which fundamental fairness requires that legal counsel be provided.

*Judgment affirmed. All the Justices concur, except Weltner, J., who concurs specially.*

DECIDED APRIL 7, 1983.

Michael J. Bowers, Attorney General, Susan V. Boleyn, Assistant Attorney General, W. Terrell Wingfield, Jr., Special Assistant Attorney General, for appellant.

Ricky Spradlin, *pro se.*

WELTNER, Justice, concurring specially.

The sound development of the law, in any field, requires that "case by case" rules and "balancing" tests be limited to those recurring problems to which no plain and simple standard might be applied. Otherwise, we lift aloft a measurement no more precise than the fabled chancellor's foot.

In my opinion, to follow Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656) (1973), is to fall into the same habit which has attracted to the United States Supreme Court so much criticism — that is, a perceived inability on occasion to tell us what the law is, and what it is not.

This case provides an opportunity to interpret our own Constitution in reference to the liberty of free men: "No person shall be deprived of life, liberty, or property, except by due process of law." Constitution of Georgia of 1976, Art. I, Sec. I, Par. I (Code Ann. § 2-101).

To the man before the bar, it can make little difference whether his liberty is lost by conviction or by revocation. Conceptual distinctions between "right" and "privilege" notwithstanding, he is locked up either way!

I therefore suggest that our own constitutional protections should be extended to any criminal proceeding wherein liberty shall be at stake. This is not contrary to now Chief Justice Hill's special concurrence in *Foskey v. Sapp,* 237 Ga. 788, 792 (229 SE2d 635) (1976), for to cast a man in prison without benefit of counsel, by whatever means, is itself "fundamentally unfair."