40106. HARRIS v. THE STATE et al.

MARSHALL, Presiding Justice.

We address the question of whether or not Harris was entitled to appointed counsel at his probation revocation hearing. The habeas corpus court refused to appoint counsel, relying upon *Mercer v. Hopper,* 233 Ga. 620 (212 SE2d 799) (1975).

Harris, on probation for second degree arson, was arrested on a burglary charge. A .38 caliber revolver was found in the automobile he was driving. He contended that the firearm was not his, but belonged to another person who had been riding in the vehicle; and that a firearms charge against him was dropped for lack of evidence. He contended that while he was in jail on the firearms charge, he was

unable to pay the installments on his fine, and that his employer was not permitted to pay it for him.

Harris acknowledged service of a petition for revocation of his probation which alleged that he had violated terms of his probation by possessing a firearm and by failing to pay his fine. He also acknowledged in writing that he was aware that he was "entitled to legal representation at . . . [the probation revocation] hearing." Harris was informed by his probation officer that he could hire counsel of his own choosing, but that no counsel would be appointed for him.

Harris' probation was revoked upon a finding that he was a convicted felon in possession of a firearm, and because he was $280 in arrears in the payment of his fine. The revocation order was also based upon a ground not alleged in the petition for revocation — failure to report to his probation officer as ordered.

The complexities thus presented require, under directions set out in Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656) (1973), that the habeas corpus court make inquiry as to whether Harris was entitled to appointed counsel. *Kemp v. Spradlin,* 250 Ga. 829 (301 SE2d 874) (1983). Accordingly, the judgment of the habeas court is vacated, and the case remanded for such a determination.

*Judgment reversed and case remanded. All the Justices concur, except Weltner, J., who concurs specially.*

DECIDED OCTOBER 5, 1983.

Willie Howard Harris, *pro se.*

*Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellees.

WELTNER, Justice, concurring specially.

I concur in the judgment of remand, but would not rely upon the imprecise "guidelines" of Gagnon v. Scarpelli, 411 U.S. 778 (93 SC 1756, 36 LE2d 656) (1973) for the reasons stated in my special concurring opinion in *Kemp v. Spradlin,* 250 Ga. 829 (301 SE2d 874) (1983).

The opportunity to be heard "in person or by counsel," OCGA § 42-8-38(b) (Code Ann. § 27-2713), should be interpreted to give to an indigent probationer the same protection which the law gives to a probationer with enough money to hire a lawyer. "Protection to person and property is the paramount duty of government and shall be impartial and complete. No person shall be denied the equal protection of the laws." Constitution of Georgia of 1983, Art. I, Sec. I,

Par. II (Code Ann. § 2-102).