### A92A2254. ADAMS v. THE STATE.
(428 SE2d 613)

POPE, Chief Judge.

Appellant Norman Adams pled guilty to the offense of burglary on October 25, 1991 and received a five-year probated sentence. Approximately eight months later, his probation officer filed a petition seeking to revoke his probation because he had violated the terms and conditions of his sentence by allegedly committing the offense of aggravated assault on a police officer on April 1, 1992 and by failing to pay his fine and probation fee. He appeals from the revocation of his probation.

1. In his first three enumerations of error, the appellant argues the trial court violated his right to due process of law by failing to appoint counsel for the probation revocation hearing, failing to determine if appellant was competent to stand trial, and by conducting the revocation hearing at a time the appellant was under the influence of drugs. Because these enumerations are closely related, we will address them together.

"The procedure to be applied in determining whether an indigent probationer is entitled to appointed counsel at a revocation hearing is set forth in *Gagnon v. Scarpelli*, 411 U. S. 778, 790-791 (93 SC 1756, 36 LE2d 656) (1973) as follows:

" 'Presumptively, it may be said that counsel should be provided

in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record.' " (Emphasis omitted.) *Elkins v. State*, 147 Ga. App. 837, 838 (250 SE2d 535) (1978).

We initially note appellant did not request counsel for the probation revocation hearing. The acknowledgment section of the Petition for Revocation of Probation contains the following language: "I hereby acknowledge service of the foregoing petition and that I am aware that I may employ legal representation at said hearing or be represented otherwise as the Court may direct." Appellant signed that section of the petition. There is no written request for counsel in the record. The record also reveals that there was no oral request for counsel either. However, there was discussion about the appointment of counsel during the revocation hearing. The public defender who represented appellant when he was charged with burglary and who has been appointed to represent appellant on the aggravated assault charge was present in the courtroom during the revocation hearing. When the appellant took the stand to testify on his own behalf, the prosecutor questioned him about whether he understood that he would be giving up his right to remain silent. After appellant testified he understood he would be giving up that right, the public defender had the following colloquy with the court:

"[Public Defender]: Excuse me, Your Honor. I didn't hear the District Attorney go over his right to invoke his right to an attorney, because Mr. Adams has invoked his right to an attorney.

"The Court: Well, he hasn't invoked it as to the probation revocation. That's what we're trying.

"[Public Defender]: Is the Court going to provide him with an attorney in the probation revocation?

"The Court: No, it's not required unless there's very unusual circumstances, not just factual matters. So this looks like more of a factual matter case than anything else.

"[Public Defender]: I understand what the Court's saying. But the State is seeking to give this Defendant his rights, and in so doing,

one of the Miranda rights is his right to an attorney. And I'm indicating to the Court that he has invoked that right, previous to this time.

"Also, Judge, having represented him previously or currently on the substantive charges, I think that it would be incumbent upon the Court to be aware that this client has some mental problems. He's been diagnosed, and I'm not even certain, at this particular time, what kind of medications he's — he may be on. And in the subsequent case, we filed the — a notice of the insanity defense. I make the Court aware of that. Thank you."

*Gagnon* requires the appropriate agency to look at the facts of each probation revocation proceeding and determine whether fundamental fairness, the touchstone of due process, requires the State to provide counsel to the indigent probationer. Under the facts of this case, we hold that notions of fundamental fairness require that the trial court should have ascertained whether the appellant knowingly waived his right to request counsel at his probation revocation hearing when that issue was brought to its attention. The record before this court is replete with evidence of appellant's mental incapacity. The transcript of appellant's guilty plea to the burglary charge, which occurred a few months before appellant's probation was revoked, contained evidence that appellant was being treated with behavior modification drugs, he had difficulty communicating with persons defending him, he had recently been treated at the Georgia Regional Medical Center and that he had an "invisible friend." At the probation hearing, the trial court was made aware the appellant was still taking behavior modification drugs, had filed an insanity plea to the charge underlying the revocation proceeding and was uncommonly interested in mass murderers.

Furthermore, the acknowledgment section of the petition to revoke appellant's probation is vague and does not adequately inform an indigent person, such as appellant, that they may request that the court appoint counsel for them. As the record reflects, appellant requested counsel for the underlying aggravated assault charge. It is likely, especially given appellant's apparent mental incapacity, he could have believed that was sufficient to request counsel for all proceedings related to the aggravated assault charge, including the probation revocation proceeding.

For all these reasons we hold that the order of revocation is vacated and the case is remanded so the trial court can ascertain whether appellant knowingly waived his right to request counsel for the probation revocation hearing. If the trial court finds appellant did not knowingly waive his right to request counsel the trial court shall consider the factors set forth in *Gagnon*, 411 U. S. 778, to decide if fundamental fairness dictates that counsel should be appointed for appellant. Should the trial court decide that counsel should be ap-

pointed for appellant for the probation revocation proceedings, a new revocation hearing shall be held in which the appellant is afforded the opportunity to be represented by counsel. See generally *Elkins*, 147 Ga. App. 838. If the trial court determines counsel should not be appointed for appellant, the trial court shall issue an order specifying why the appointment of counsel is not necessary under the facts of this case.

2. Appellant argues the trial court violated his Fifth Amendment right by questioning him without his having the benefit of counsel about his alleged aggravated assault of a police officer. First, we note there was no objection below which would preserve this issue for appeal. Furthermore, the answers given by appellant to the trial court's questions were completely self-serving; therefore, at most these questions could constitute only harmless error.

3. Appellant argues his Fourth and Fourteenth Amendment rights were violated when an illegal and warrantless search was conducted of his room. This alleged error was also not preserved by objection below. Also, appellant consented to the search of his room and the evidence presented about what was observed in his room was not relevant to the crime charged and at most was additional evidence of appellant's mental incapacity.

*Judgment vacated and case remanded with direction. Johnson, J., concurs. Carley, P. J., concurs in the judgment only.*

DECIDED FEBRUARY 24, 1993.

*J. M. Raffauf*, for appellant.
*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.