**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 17, 2020**

# In the Court of Appeals of Georgia

A20A0853. NEWBERN v. THE STATE.

DILLARD, Presiding Judge.

Edwin Newbern appeals from the revocation of his probation, arguing that the trial court erred by failing to (1) inform him of his right to request appointed counsel, (2) determine whether he was entitled to appointed counsel, and (3) state reasons on the record for refusing to allow him to have appointed counsel. For the reasons set forth *infra*, we vacate the trial court's judgment and remand the case for additional proceedings consistent with this opinion.

The record shows that in March 2017, Newbern was indicted on two counts of exploitation and intimidation of a disabled adult, elder person, or resident (Counts 1 and 3); and two counts of theft by deception (Counts 2 and 4). Several months later, in October 2017, Newbern entered into a negotiated guilty plea to Count 1, by which

he was sentenced to, *inter alia*, pay $9,438.59 in restitution to the victim and spend ten years on probation. The remaining counts were nol prossed. But in February 2019, the State moved to revoke Newbern's probation on the ground that he had failed to make his monthly payment of restitution to the victim since March 2018. Then, following a hearing on the matter, the trial court revoked Newbern's probation and ordered him to spend five years in confinement. This appeal follows.

1. In three separate enumerations of error, Newbern argues that the trial court erred by failing to inform him of his right to request appointed counsel, determine whether he was entitled to appointed counsel, and state reasons on the record for refusing to allow him to have appointed counsel.

As the Supreme Court of Georgia has explained, although there is "no Sixth Amendment right to counsel at a revocation proceeding," a probationer *does* have "a more limited due process right to counsel under the Fourteenth Amendment."[1] But even under the Due Process Clause of the Fourteenth Amendment, the probationer in a revocation proceeding "has no 'inflexible constitutional' right to have counsel

---

[1] *Vaughn v. Rutledge*, 265 Ga. 773, 774 (1) (462 SE2d 132) (1995) (punctuation omitted), *discussing Gagnon v. Scarpelli*, 411 U.S. 778, 782 (II) (93 SCt 1756, 36 LE2d 656) (1973).

appointed,"[2] so there is "no absolute requirement that he be informed of that right."[3]

Nevertheless, a probationer *is* entitled to "be informed of his right to *request* counsel."[4] And consistent with this requirement, our Supreme Court has further explained that—even with "the more limited and conditional right to counsel" in proceedings such as those seeking to revoke probation—the right "is not waived merely by a party unknowingly failing to insist upon a lawyer in a proceeding in which he is *not even advised* that he might request counsel."[5]

---

[2] *Vaughn*, 265 Ga. at 774 (2) (punctuation omitted); *see Gagnon*, 411 U.S. at 790 (III) ("We thus find no justification for a new inflexible constitutional rule with respect to the requirement of counsel."). *But see* OCGA § 17-12-23 (a) (2) ("The circuit public defender shall provide representation in . . . [a] hearing on a revocation of probation in a superior court[.]").

[3] *Vaughn*, 265 Ga. at 774 (2); *accord Kitchens v. State*, 234 Ga. App. 785, 785 (1) (508 SE2d 176) (1998).

[4] *Vaughn*, 265 Ga. at 774 (2) (punctuation omitted) (first emphasis supplied); *accord Kitchens*, 234 Ga. App. at 785 (1); *see Gagnon*, 411 U.S. at 790 (III) ("Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request . . . ."); *Elrod v. State*, 354 Ga. App. 177, 183 (4) (840 SE2d 658) (2020) (quoting *Gagnon* to recognize that, presumptively, "it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer makes such a request").

[5] *Miller v. Deal*, 295 Ga. 504, 506-07 (1) (761 SE2d 274) (2014) (emphasis supplied); *see Brewer v. Williams*, 430 U.S. 387, 404 (III) (97 SCt 1232, 51 LE2d 424) (1977) ("[T]he right to counsel does not depend upon a request by the defendant

With this in mind, the appointment of counsel for a probationer "must be determined 'on a case-by-case basis' and the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings."[6] Thus, it is only in a revocation proceeding in which "fundamental fairness—the touchstone of due process—mandates the appointment of counsel that the State will be required to provide the probationer with legal representation."[7]

. . . ." (citations omitted)).

[6] *Vaughn*, 265 Ga. at 774 (2) (punctuation omitted); *accord Gagnon*, 411 U.S. at 790 (III); *Collins v. State*, 352 Ga. App. 151, 154 (1) (834 SE2d 291) (2019).

[7] *Vaughn*, 265 Ga. at 774 (2) (punctuation omitted); *see Gagnon*, 411 U.S. at 790 (III) ("[T]here will remain certain cases in which fundamental fairness—the touchstone of due process—will require that the State provide at its expense counsel for indigent probationers or parolees."); *see also Meadows v. Settles*, 274 Ga. 858, 860 (3) (561 SE2d 105) (2002) ("[I]t is clear that the Fourteenth Amendment due process provisions contemplate that any such [probation-revocation] hearing must comport with principles of fundamental fairness." (punctuation omitted)); *Kemp v. Spradlin*, 250 Ga. 829, 830 (301 SE2d 874) (1983) (recognizing that under *Gagnon*, counsel must be provided to probationers facing revocation when "fundamental fairness requires").

4

As the Supreme Court of the United States explained in *Gagnon v. Scarpelli*,[8]

"presumptively,"[9] counsel should be appointed when requested

> based on a timely and colorable claim (i) that [the probationer] has not
> committed the alleged violation of the conditions upon which [the
> probationer] is at liberty; or (ii) that, even if the violation is a matter of
> public record or is uncontested, there are substantial reasons which
> justified or mitigated the violation and make revocation inappropriate,
> and that the reasons are complex or otherwise difficult to develop or
> present.[10]

And then, in passing on a request for the appointment of counsel, the "responsible

agency also should consider, especially in doubtful cases, whether the probationer

appears to be capable of speaking effectively for himself."[11] After considering the

---

[8] 411 U.S. 778 (93 SCt 1756, 36 LE2d 656) (1973).

[9] In *Elrod v. State*, 354 Ga. App. 177, 183 (4) n.5 (840 SE2d 658) (2020), we recently noted that "the Supreme Court of Georgia took care to point out that 'the appointment of counsel is only *presumptively* necessary, not *absolutely* required'" in *Miller*, 295 Ga. at 510 (2), which we cite in note 5, *supra*.

[10] *Gagnon*, 411 U.S. at 790 (III); *accord Vaughn*, 265 Ga. at 775 (3); *Kitchens*, 234 Ga. App. at 785 (1).

[11] *Gagnon*, 411 U.S. at 790 (III); *accord Vaughn*, 265 Ga. at 775 (3); *Kitchens*, 234 Ga. App. at 785 (1).

foregoing, if the request for counsel is refused, "the grounds for refusal should be stated succinctly in the record."[12]

Here, at the beginning of the hearing, the following colloquy transpired:

THE COURT: Mr. Newbern, you're in court today for a hearing on a petition to revoke your probation . . . . The procedure is I need to advise you that you have the right to remain silent. You do not have to say anything that might incriminate yourself. The [S]tate has the obligation or requirement under the law to prove any allegation they contend you violated your probation by. I see you are not represented by an attorney?

NEWBERN: I would like to have one, Your Honor

THE COURT: Do you have an attorney?

NEWBERN: No, sir.

THE COURT: What have you done to obtain the services of an attorney?

NEWBERN: When the probation man came to the house and told me to sign the paper, I had to come to court, I've been looking for an attorney but I ain't been able to get one.

---

[12] *Gagnon*, 411 U.S. at 790 (III); *accord Vaughn*, 265 Ga. at 775 (3); *Kitchens*, 234 Ga. App. at 785-86 (1).

THE COURT: You were served with the petition. Did you read it?

NEWBERN: No, sir. He just come to my house and told me to sign it and told me I had to go to court on the 19th.

The trial court then explained to Newbern that the sheet he signed "outline[d] what we're doing here today which is to have a hearing on the violations." Additionally, the court explained the allegations, that Newbern could ask questions of witnesses, testify on his own behalf, and call his own witnesses. But the court never revisited the subject of Newbern's desire to have counsel.

It is evident from the record, then, that the trial court never advised Newbern of his right to request appointed counsel, as it should have done.[13] Indeed, even after Newbern stated on the record that he wished to have counsel, the trial court never determined whether Newbern was, in fact, entitled to have counsel appointed.[14] Additionally, the trial court never stated any reasons on the record for *not* appointing

---

[13] *Vaughn*, 265 Ga. at 774 (2) ("A probationer is entitled . . . to be informed of his right to request counsel." (punctuation omitted)); *Kitchens*, 234 Ga. App. at 785 (1) (same); *see Gagnon*, 411 U.S. at 790 (III) ("Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request . . . .").

[14] *See supra* note 10 & accompanying text.

counsel.[15] To the contrary, the transcript of the hearing "reveals that the court gave no consideration whatsoever as to whether [Newbern] should be given such assistance."[16] In failing to do so, the trial court erred.

2. Despite the foregoing failures by the trial court, unless Newbern's revocation proceeding was one in which "the actual appointment of counsel was necessary to satisfy applicable due process requirements of fundamental fairness, then he would not have been entitled to have his request for counsel honored and the mere failure to have informed him of the right to make such a request could not have harmed him."[17]

In *Gagnon*, the Supreme Court of the United States made clear that "[t]he general guidelines outlined [by the Supreme Court] should be applied in the first instance by those charged with conducting the revocation hearing,"[18] *i.e.*, by the trial

---

[15] *Gagnon*, 411 U.S. at 790 (III) (explaining that when a request for counsel is refused, "the grounds for refusal should be stated succinctly in the record"); *Vaughn*, 265 Ga. at 775 (3) (same); *Kitchens*, 234 Ga. App. at 785-86 (1) (same).

[16] *Kitchens*, 234 Ga. App. at 787 (1).

[17] *Vaughn*, 265 Ga. at 775 (III); *accord Kitchens*, 234 Ga. App. at 787 (1).

[18] 411 U.S. at 791 (IV); *accord Banks v. State*, 275 Ga. App. 326, 329 n.4 (620 SE2d 581) (2005).

8

court. To that end, both this Court and the Supreme Court of Georgia have vacated and remanded cases to the trial court to make such a determination when the court failed to do so initially.[19]

---

[19] *See Harris v. State*, 251 Ga. 517, 517 (307 SE2d 504) (1983) ("The complexities thus presented require, under directions set out in *Gagnon v. Scarpelli* . . . , that the habeas corpus court make inquiry as to whether [the probationer] was entitled to appointed counsel. Accordingly, the judgment of the habeas court is vacated, and the case remanded for such a determination." (citations omitted)); *Elrod*, 354 Ga. App. at 183 (4) ("As neither judge reviewed the probation revocation hearing transcript, and we cannot determine from the record before us whether the proper guidelines were used to determine if [the appellant] had a right to counsel in that hearing, we vacate [the appellant's] sentence and remand this case to the trial court to apply the factors set forth in *Gagnon*, based upon a review of the probation revocation hearing transcript, if it can be obtained." (footnote omitted)); *Adams v. State*, 207 Ga. App. 508, 510 (1) (428 SE2d 613) (1993) (physical precedent only) ("[W]e hold that the order of revocation is vacated and the case is remanded so the trial court can ascertain whether appellant knowingly waived his right to request counsel for the probation revocation hearing. If the trial court finds appellant did not knowingly waive his right to request counsel the trial court shall consider the factors set forth in *Gagnon*, to decide if fundamental fairness dictates that counsel should be appointed for appellant. Should the trial court decide that counsel should be appointed for appellant for the probation revocation proceedings a new revocation hearing shall be held in which the appellant is afforded the opportunity to be represented by counsel. If the trial court determines counsel should not be appointed for appellant, the trial court shall issue an order specifying why the appointment of counsel is not necessary under the facts of this case." (citations omitted)); *Elkins v. State*, 147 Ga. App. 837, 837 (250 SE2d 535) (1978) ("Since in this case it does not appear that the appellant was ever informed of his right to request counsel for the hearing, as required by *[Gagnon]*, it cannot be said that he waived counsel by failing to make such a request. We shall, therefore, treat the case as if a request for counsel had been made and refused. While it appears from an investigation of the record that the trial judge may have been justified in making such a refusal, his actual grounds

This Court is aware of only once instance in which we have *not* remanded a case to the trial court to make this determination in the first instance. In *Banks v. State*,[20] the probationer requested appointed counsel, but the trial court denied the request under an erroneous legal theory.[21] Despite this error, we affirmed the court's denial of her request and did not remand for reconsideration because (1) the probationer admitted to the probation violation, (2) she did not claim "any reasons justifying or mitigating her violations," and (3) the record reflected that she "capably spoke for herself."[22] As a result, we determined that the probationer in *Banks* "made no showing that the appointment of counsel for the revocation proceedings was necessary to satisfy due process concerns of fundamental fairness."[23] Suffice it to say, this case is readily distinguishable from *Banks*.

---

for doing so are not stated in the record, as is further required by *[Gagnon]*. Accordingly, the order of revocation is vacated and the case is remanded so that the trial court may either state its reasons for not appointing counsel prior to the hearing or, in the alternative, proceed with a new revocation hearing in which the appellant is afforded the opportunity to be represented by counsel.").

[20] 275 Ga. App. 326 (620 SE2d 581) (2005).

[21] *Id.* at 328-29.

[22] *Id.* at 329.

[23] *Id.*

In *Gagnon*, the Supreme Court of the United States acknowledged that "respondent's admission to having committed another serious crime creates the very sort of situation in which counsel need not ordinarily be provided."[24] Indeed, this is one of the factors a trial court is to consider when assessing a probationer's request for appointed counsel.[25] But *Gagnon* also provides that "even if the violation is a matter of public record or is uncontested,"[26] counsel should be provided if "there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present."[27]

---

[24] 411 U.S. at 791 (IV).

[25] *See Gagnon*, 411 U.S. at 790 (III) ("Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim . . . that he has not committed the alleged violation of the conditions upon which he is at liberty . . . ."); *Vaughn*, 265 Ga. at 775 (3) (same); *Kitchens*, 234 Ga. App. at 785 (1) (same).

[26] *Gagnon*, 411 U.S. at 790 (III); *accord Vaughn*, 265 Ga. at 775 (3); *Kitchens*, 234 Ga. App. at 785 (1).

[27] *Gagnon*, 411 U.S. at 790 (III); *accord Vaughn*, 265 Ga. at 775 (3); *Kitchens*, 234 Ga. App. at 785 (1).

In this case, the State is correct that Newbern admitted to violating the terms of probation in that he failed to make timely payments of restitution to the victim. But unlike the probationer in *Banks*, who did "not claim[ ] any reasons justifying or mitigating her violations,"[28] Newbern suggested that he had been unable to repay the victim due to (1) ongoing medical issues from which he suffered that required MRIs on his back, and (2) going to court so that he and his wife could take in family members' children who had been placed into the custody of DFCS.

During the hearing below, when the State asked Newbern about property it alleged that he owned, he called his wife to the stand and asked her to testify about what they owned—which did not include the land the State inquired about. But Newbern faltered while questioning his wife, telling the court, "Sir, I ain't no lawyer, and I don't know how to do this, I mean, you know—," to which the court instructed Newbern that "[i]t's not complicated" and "[y]ou need to ask her what you want me to hear." Newbern then proceeded to ask his wife to explain how his "medical stuff" affected his ability to make money and provide for his family. In response, his wife testified that the situation was "bad," had required multiple doctor visits, and left Newbern unable to work. This was the extent of the testimony on that issue, and the

---

[28] 275 Ga. App. at 329.

documents Newbern brought to court to reflect his medical problems—which purportedly included a letter from his doctor and medical records—were never tendered into the record.

Under these circumstances, we cannot conclude that a remand is unnecessary in this case. As a result, for all of the foregoing reasons, we vacate the order of revocation and remand the case so that the trial court may either state its reasons for not appointing counsel when Newbern indicated that he wished to have an attorney represent him at the hearing or, alternatively, proceed with a new revocation hearing, in which Newbern is afforded the opportunity to be represented by counsel.[29]

*Judgment vacated and case remanded. Rickman and Brown, JJ., concur.*

---

[29] *See supra* note 18-19 & accompanying text.